

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Beaufort Thomas,  )  C. A. No. 2:09-0090-CMC-RSC
)
        Plaintiff,  )
)
    -versus-  )  **REPORT AND RECOMMMENDATION**
)
Deputy Dewayne McFadden(WCSD);)
Sgt. (FNU) Gamble(WCDC);  )
Chief (FNU) Brown, and Officer)
Thomas Williams(WCDC);  )
)
        Defendants.  )

    The plaintiff brought this action seeking relief pursuant to 42 U.S.C. § 1983. On July 15, 2009, the defendants filed a motion for summary judgment. By order of this court filed July 17, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. On July 31, 2009, the plaintiff was granted an extension of time until September 23, 2009, to respond to the defendants' motion for summary judgment. On September 16, 2009, the plaintiff was granted a second extension until November 16, 2009, to respond to the defendants' summary judgment motion. Despite the extensions and explanation, the plaintiff elected not to respond to the motion.

    Because the plaintiff is proceeding pro se, the court filed an order on November 20, 2009, giving the plaintiff an additional ten (10) days in which to file his response to the defendants' motion for summary judgment. The plaintiff was specifically advised that

if he failed to respond, this action may be dismissed with prejudice for failure to prosecute, <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), 41(b) Federal Rules of Civil Procedure. The plaintiff did not respond.

Based on the foregoing, it appears the plaintiff will not defend the motion for summary judgment.[1] Accordingly, it is recommended that the motion for summary judgment herein be granted without opposition.

                            Respectfully Submitted,

                            *Robert S. Carr* (signature)
                            Robert S. Carr
                            United States Magistrate Judge

Charleston, South Carolina
December 10, 2009

---

[1] He has written the court stating that he is ready for trial as soon as possible.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).